UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE HILL,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>JUAN LIMA, et al.,<br><br>　　　　　　Defendants | Case No. 2:21-cv-00145-GMN-DJA<br><br>ORDER |

**I.	DISCUSSION**

　　Plaintiff, Rickie Hill – NDOC Inmate # 87052, is a frequent litigator in this Court. In the past 18 months alone Hill has filed dozens of cases. The Court has an inmate early mediation program that is unique to the District of Nevada and is designed to attempt to save resources by referring the parties in some civil rights cases to mediation. Of course, defendants in such cases have the right not to make any settlement offers, and plaintiffs have the right not to accept settlement offers. However, when mediation does not appear likely to be productive and save resources, the Court may choose not to refer a case to mediation. Hill recently has attended multiple inmate mediations in civil rights cases. (*See, e.g.*, 3:20-cv-00495-MMD-WGC, 2:20-cv-01655-KJD-DJA). The mediations have been unsuccessful. The Court has determined that this case will be excluded from the inmate mediation program to preserve the Court's limited resources. The Court vacates the Inmate Early Mediation Conference set for January 28, 2022. (ECF No. 6). The parties are free to privately discuss settlement if they so choose but are not required to do so. This case will proceed on the normal litigation track.

**II.	CONCLUSION**

　　For the foregoing reasons, it is ordered that the Inmate Early Mediation Conference scheduled for January 28, 2022 (ECF No. 6) is vacated. This case will proceed on the normal litigation track.

　　It is further ordered that Hill's application to proceed *in forma pauperis* (ECF No.

1) is **granted**. Hill will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2). Hill herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Rickie Hill, # 87052** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Hill's complaint (ECF No. 4) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that subject to the findings of the screening order (ECF No. 3), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office will file a notice advising the Court and Hill of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, under seal, but will not serve the inmate Hill the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

It is further ordered that if service cannot be accepted for any of the named defendant(s), Hill will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Hill will provide the full name and address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint (ECF No. 4) within sixty (60) days from the date of this order.

It is further ordered that Hill will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Hill electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Hill mails the document to the Court, Hill will include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Hill will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

It is further ordered that this case is no longer stayed.

DATED THIS \_\_4\_\_ day of November 2021.

Gloria M. Navarro, Judge
United States District Court